# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff,

vs.

IMAGINATION NORTH LANDSCAPE
MAINTENANCE ASSOCIATION, et al.,

    Defendants.

Case No. 2:16-cv-00383-MMD-NJK

ORDER DENYING MOTION TO COMPEL

(Docket No. 74)

       Pending before the Court is Defendant SFR Investment Pool 1, LLC's motion to compel. Docket No. 74. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

       "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions

will not e considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

The declaration supporting the motion to compel, which was filed on July 24, 2017, is dated August 6, 2016. Docket No. 74-1 at 10. Further, the declaration states that the meet and confer between the parties was conducted on July 11, 2016, more than a year before the filing of the instant motion. *Id*. Plaintiff submits that, prior to filing its motion, Defendant did not serve a new 30(b)(6) motion on it or otherwise meet and confer with counsel. Docket No. 81 at 7. The Court finds that a meet and confer conducted more than a year prior to the filing of the motion to compel is not sufficient.

. . . .

---

[1] These requirements are now largely codified in the Court's newly effective local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

For the reasons discussed more fully above, the motion to compel, Docket No. 74, is **DENIED** without prejudice. Defendant may renew that motion if a further meet-and-confer is conducted and the renewed motion otherwise comports with all applicable rules.

IT IS SO ORDERED.

DATED: October 3, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge