1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                          DISTRICT OF NEVADA

7                                * * *

8   THE BANK OF NEW YORK MELLON, FKA        Case No. 2:16-cv-00383-MMD-NJK
    THE BANK OF NEW YORK as Trustee for
9   the CERTIFICATEHOLDERS CWALT, INC.                    ORDER
    ALTERNATIVE LOAN TRUST 2005-J12
10  MORTGAGE PASS-THROUGH
    CERTIFICATES, SERIES 2005-J12,
11
                               Plaintiff,
12      v.

13  IMAGINATION NORTH LANDSCAPE
    MAINTENANCE ASSOCIATION; SFR
14  INVESTMENTS POOL 1, LLC; and ALESSI
    & KOENIG, LLC,
15
                              Defendants.
16

17  I.    SUMMARY

18          This case arises out of a homeowner association's ("HOA") foreclosure and

19  involves the notice provisions applicable to foreclosure sales under Nevada Revised

20  Statutes ("NRS") Chapter 116. Currently there is a federal-state split in the interpretation

21  and effect of the notice provisions found at the pre-2015 version of NRS Chapter 116.

22  However, a question regarding the applicable notice provisions was recently certified to

23  the Nevada Supreme Court, asking whether the notice provisions found at NRS § 107.090

24  were incorporated by reference into the pre-2015 version of NRS § 116.31168. SFR

25  Investments Pool 1, LLC ("SFR") contends that The Bank of New York Mellon ("BNYM")

26  received actual notice of the HOA's foreclosure sale. (*See* ECF No. 97 at 6.) Accordingly,

27  this Court *sua sponte* stays this action in its entirety until the Nevada Supreme Court

28  resolves the certified question.

## II. SFR'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 86)

Defendant SFR Investments Pool 1, LLC ("SFR") argues that, in the wake of *Bourne Valley*, NRS Chapter 116's notice scheme returns to that of the 1991 version of the statute and thereby eliminates any constitutional problems. (ECF No. 86 at 5.) This Court has already addressed the issue of whether it should analyze the facts of a particular case under the notice provisions of the 1991 version of NRS Chapter 116 and declined to do so. *See U.S. Bank Nat'l Ass'n v. Thunder Props. Inc.*, No 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, *3 (D. Nev. Sept. 14, 2017). Accordingly, the Court denies SFR's Motion for Partial Summary Judgment.

## III. STAY OF ENTIRE PROCEEDINGS

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090 in Nev. S. Ct. Case No. 72931. NRS §§ 116.31168 and 107.090 prescribe two fundamentally different

notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). SFR contends that BNYM received such notice in this case. (*See* ECF No. 97 at 6.)

The parties may be concerned that a stay will prejudice them. However, any damage to the parties from a stay will be outweighed by the fees that all parties will surely incur from continued litigation—a decision in the proceedings before the Nevada

Supreme Court could moot a decision by this Court. Until there is finality on the issue of whether NRS § 116.31168 incorporates NRS § 107.090, a stay will benefit the parties and conserve judicial resources.

**IV.  CONCLUSION**

It is therefore ordered that this action is temporarily stayed until resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five (5) days from such resolution.

It is further ordered that SFR's Motion for Partial Summary Judgment (ECF No. 86) is denied.

It is further ordered that all remaining motions (ECF Nos. 83, 96, 97) are denied without prejudice and may be refiled within thirty (30) days from the date the stay in this case is lifted.

DATED THIS 5th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4