UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK as Trustee for the CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J12 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-J12,<br><br>Plaintiffs,<br>v.<br><br>IMAGINATION NORTH LANDSCAPE MAINTENANCE ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and ALESSI & KOENIG, LLC,<br><br>Defendants. | Case No. 2:16-cv-00383-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are three motions: (1) Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 117); (2) Plaintiff Bank of New York Mellon's ("BONY") motion for partial summary judgment (ECF No. 118);[1] and (3) SFR's motion for Rule 56(d) relief (ECF No. 125). The Court has reviewed Counter/Cross-Claimant Julie A. Christensen's joinder to BONY's motion and reply (ECF Nos. 121, 132).[2] The Court also has reviewed the responses (ECF Nos. 122, 123, 124, 129) and replies

///

---

[1] BONY filed a corrected motion at ECF No. 120.

[2] The Court grants Christensen's requests to file her joinder (ECF Nos. 121, 132). While Christensen joined BONY's motion, she did not respond to SFR's motions. The Court grants SFR's motion for summary judgment on the merits after considering the arguments presented in the parties' briefs, not because of Christensen's failure to respond.

(ECF Nos. 128, 130, 131) to the motions. The Court heard oral argument on these motions on March 25, 2019. (ECF No. 135.) For the following reasons, the Court denies BONY's motion for summary judgment, grants SFR's motion for summary judgment, and denies SFR's motion for Rule 56(d) relief as moot.

**II.　BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Christensen purchased real property ("Property") located within Imagination North Landscape Maintenance Association ("Imagination") at 3136 Extravagant Avenue, North Las Vegas, Nevada 89031 on July 18, 2005. (ECF No. 118-1 at 2-4, 16.) The Borrower financed the purchase with a $223,992 loan ("Loan") evidenced by a note ("Note") and secured by a first deed of trust ("DOT"). (*Id.* at 2.) The DOT was assigned to BONY in May 2011. (ECF No. 118-2 at 2.)[3]

Imagination recorded the following notices through its agent Alessi & Koenig, LLC ("Alessi"): (1) notice of delinquent assessment on June 3, 2011 (ECF No. 118-3 at 2); (2) notice of default and election to sell on August 29, 2011 (ECF No. 118-4 at 2); and (3) notice of trustee's sale on March 20, 2012 (ECF No. 118-5 at 2).[4]

Imagination foreclosed on the Property and sold it to SFR in July 2012 ("HOA Sale") for $3,300. (ECF No. 118-11 at 2.)

BONY asserts the following claims in the Complaint: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against Imagination and Alessi; (3) wrongful foreclosure against Imagination and Alessi; and (4) injunctive relief against SFR. (ECF No. 1 at 6-12.)

///

---

[3]SFR disputes the existence of the Loan, whether BONY is the beneficiary of the DOT, whether BONY held the DOT at the time of the foreclosure sale, and the validity of the assignment, but the Court finds it unnecessary to resolve these issues because SFR is entitled to summary judgment on other grounds, as discussed *infra*. (ECF No. 124 at 2-3.)

[4]BONY asserts in its motion that Christensen tendered the superpriority amount of Imagination's lien before the foreclosure sale (ECF No. 118 at 4), but SFR argues that BONY has waived its opportunity to advance these allegations (ECF No. 124 at 3-4). The Court addresses this dispute *infra* Section IV(A)(2).

1    SFR filed a counterclaim and crossclaim for quiet title/declaratory judgment and
2    injunctive relief. (ECF No. 20 at 14-16.)
3    Christensen filed the following counterclaims and crossclaims: (1) violation of the
4    Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, against Alessi and the HOA;
5    (2) wrongful foreclosure against Alessi and the HOA; (3) violation of Nevada Unfair Trade
6    Practices Act, NRS § 598A.060(1)(a)(12), against Alessi, the HOA, and SFR; (4) false
7    representation against Alessi, the HOA, and BONY; (5) breach of contract against the
8    HOA; (6) crimes against property under NRS Ch. 205 against all Defendants; (7)
9    negligence against Alessi; the HOA; Bank of America, N.A. ("BANA"); and BONY; (8)
10   breach of contract/fiduciary duty against BANA and BONY; (9) slander of title/quiet title
11   against Alessi, BONY, the HOA, and SFR; and (10) intentional infliction of emotional
12   distress against Alessi and the HOA. (ECF No. 34 at 14-28.)

### III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in

the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.   BONY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 118)**

BONY argues that it is entitled to summary judgment because (1) Imagination's lien lacked priority over the DOT (ECF No. 118 at 6-7); (2) Christensen discharged any superpriority lien when she tendered the superpriority amount (*id.* at 7-8); (3) the state statute (NRS § 116.3116) governing the HOA Sale is unconstitutional (*id.* at 8-10); and (4) BONY is entitled to equitable relief (*id.* at 10-14).

SFR asserts that BONY waived its first two arguments. (ECF No. 124 at 3-4, 5-7.) SFR also argues that BONY's claims are barred by the statute of limitations (*id.* at 7-10);

4

that BONY lacks prudential standing (*id.* at 10-14); that NRS § 116.3116 is constitutional (*id.* at 14-21); that BONY is not entitled to equitable relief (*id.* at 22-27); and that SFR was a bona-fide purchaser (*id.* at 27-29).

The Court agrees with SFR that BONY waived its first two arguments. The Court also finds that BONY's remaining arguments—relating to the constitutionality of NRS § 116.3116 and equitable relief—are unpersuasive. The Court declines to address SFR's remaining arguments.

### A. Waiver

SFR's argument relates to the federal system of notice pleading and requires the Court to consider the legal standards governing the sufficiency of pleadings as well as the legal standards governing amendments to pleadings.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). The rule does not require detailed factual allegations, but a plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions"—a "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, "Federal Rule of Civil Procedure 8(a) and (c) provide that a defendant's failure to raise an 'affirmative defense' in his answer effects a waiver of that defense." *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007). "In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993); *see also Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 676 F. App'x 654, 656 (9th Cir. 2017).

Under Federal Rule of Civil Procedure 15, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the

5

adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The party opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

### 1. Priority of Imagination's Lien

In its motion, BONY argues that Imagination's lien lacked priority over the DOT because the statute that bestows superpriority status on HOA liens—NRS § 116.3116—does not apply to Imagination. (ECF No. 118 at 6-7.) BONY asserts that Imagination is a limited-purpose association, a type of common-interest community that is specifically exempt from NRS Ch. 116. (*Id.* (citing NRS § 116.1201(2)(a)).) But BONY has never before identified Imagination as a limited-purpose association in this case, much less argued that Imagination's status as such constitutes a ground for relief. Rather, BONY has proceeded throughout the course of this litigation on the assumption that NRS Ch. 116 applies to Imagination. For example, in the Complaint, BONY primarily pleads that it is entitled to relief because NRS § 116.3116 is unconstitutional. (*See* ECF No. 1 at 6-8.) And BONY relied solely on this ground for relief in its first motion for summary judgment. (*See* ECF No. 83 at 3-10.) Far from putting SFR on notice that NRS § 116.3116 might not apply to Imagination at all, BONY reinforced the presumption that NRS Ch. 116 applies by consistently advancing arguments about the statute's constitutionality.

At the hearing, BONY relied on several provisions of its Complaint and answer to SFR's counterclaim to show that BONY put Defendants on notice of its contention that Imagination was a limited-purpose association. But none of these provisions have that effect. Paragraph 40 of the Complaint asserts that the HOA Sale did not extinguish the DOT because the recorded notices "failed to describe the lien in sufficient detail as required by Nevada law." (ECF No. 1 at 8.) This paragraph suggests that NRS Ch. 116 applies to Imagination—not that Imagination was exempt from NRS Ch. 116. The second affirmative defense listed in BONY's answer to SFR's counterclaim states that NRS § 116.3116 "does not support SFR's position that it has superior title to the property." (ECF No. 30 at 8.) This affirmative defense is only susceptible to the inference that NRS Ch. 116 does not apply to Imagination when considered in isolation and in hindsight, given BONY's current contention. Context suggests that BONY intended to argue that NRS § 116.3116 does not support SFR's position that it has superior title based on BONY's theory that NRS § 116.3116 is unconstitutional. (*See id.* at 9 (asserting due process violations as third affirmative defense); ECF No. 1 at 6-8 (pleading that NRS Ch. 116 is unconstitutional); ECF No. 83 at 3-10 (arguing same).) BONY's catch-all statement in its answer also does not suggest that Imagination is a limited-purpose association. (*See* ECF No. 30 at 12 ("BNYM reserves the right to assert additional affirmative defenses in the event discovery and/or investigation disclose the existence of other affirmative defenses.").)

At the hearing, BONY further argued that SFR was on notice that BONY would argue Imagination is a limited-purpose association because Imagination's CC&Rs were disclosed in discovery roughly three years ago. But the record suggests that none of the parties contemplated Imagination's status as a limited-purpose association until BONY prepared its motion for summary judgment. BONY's mere disclosure of the CC&Rs did not put SFR on notice that one of BONY's grounds for relief would be Imagination's status as a limited-purpose association.

///

Thus, the Court considers BONY's assertion regarding Imagination's status as a limited-purpose association to be the subject of amendment to the Complaint. But amendment is inappropriate here because SFR would suffer undue prejudice, *see Leadsinger, Inc.*, 512 F.3d at 532, as SFR argues (ECF No. 124 at 4). SFR did not have an opportunity to conduct discovery about Imagination's status as a limited-purpose association. If SFR had notice of BONY's argument, SFR likely would have valued this case differently and pursued discovery differently, as SFR's counsel suggested at the hearing.

Accordingly, the Court finds that BONY is barred from raising any argument based on Imagination's status as a limited-purpose association.

### 2. Christensen's Tender

BONY further argues that it is entitled to summary judgment because Christensen tendered the superpriority amount and discharged the superpriority lien. (ECF No. 118 at 7-8.) But BONY has not identified any pleading that would have put SFR on notice that Christensen's tender constituted a ground for relief. (*See* ECF No. 128 at 4-5.) In fact, BONY alleges that Imagination's agent would have rejected any attempted tender, suggesting that no actual tender was made. (*See* ECF No. 1 at 5.) Thus, BONY has similarly waived its argument of tender by Christensen.

### B. Constitutionality of NRS § 116.3116

The Court rejects BONY's argument that NRS § 116.3116 is unconstitutional based on the reasoning in *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at *5 (D. Nev. Jan. 23, 2019).

### C. Equitable Relief

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow*

*Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

BONY argues that it is entitled to equitable relief based on the low sale price and the following indicia of unfairness: (1) Imagination foreclosed despite Christensen's tender; (2) Imagination foreclosed despite being a limited-purpose association; (3) Imagination foreclosed despite a mortgage protection clause in the CC&Rs; and (4) Imagination failed to provide notice of the means by which BONY could cure. (ECF No. 118 at 11-14.) The Court rejects the first two arguments based on the discussion of waiver *supra*. BONY's third argument is unpersuasive. A mortgage protection clause is insufficient evidence of unfairness to set aside the sale. *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018). The fourth argument also is unpersuasive. At the time of the HOA Sale, NRS § 116.3116 did not even require that the notices sent to BONY specifically state that the HOA sought to foreclose on the superpriority portion of its lien, much less provide instructions for how to cure.[5] *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n.1, 2017 WL 6542454, at *1 n.1 (Nev. 2017); *see also Bank of N.Y. Mellon*, 2019 WL 302489, at *4 ("[N]otice need not be an exhaustive guidebook to preserving one's interest").

Accordingly, the Court denies BONY's motion for summary judgment.

## V. SFR'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 117)

SFR argues that it is entitled to summary judgment on the competing claims, counterclaims, and crossclaims for quiet title[6] because the HOA Sale extinguished the

///

---

[5] The Nevada Supreme Court recently found that NRS § 116.31168 incorporates the mandatory notice provisions of NRS § 107.090, which requires notice of the time and place of the sale. *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018).

[6] SFR does not address Christensen's counterclaims for violation of the Nevada Unfair Trade Practices Act and crimes against property under NRS Ch. 205 in its motion. (*See generally* ECF No. 117; *see also* ECF No. 124 at 1 n.1 (short footnote in SFR's opposition to BONY's motion indicating that Christensen's joinder is not a request for
*(fn. cont…)*

DOT. (ECF No. 117 at 1, 13-17.) The Court agrees. SFR is entitled to summary judgment because a valid HOA sale extinguishes the DOT. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 413 (Nev. 2014) (holding that foreclosure sale on the superpriority portion of an HOA lien extinguishes all prior security interests). Accordingly, the Court grants summary judgment in favor of SFR on its counterclaim and crossclaim for quiet title/declaratory judgment, BONY's claim for quiet title/declaratory judgment, and Christensen's counterclaim for slander of title/quiet title. The Court declares that the HOA Sale extinguished the DOT. The Court dismisses BONY's remaining claims—for breach of NRS § 116.1113 and wrongful foreclosure against Imagination and Alessi—as moot.

## VI. REMAINING CLAIMS

This order resolves all of BONY and SFR's claims, counterclaims, and crossclaims as well as Christensen's counterclaim against SFR for slander of title/quiet title. But the parties did not seek summary judgment with respect to Christensen's remaining counterclaims and crossclaims. Dispositive motions in this case were due by September 25, 2018. (ECF No. 116.) Accordingly, the Court will order the parties to file a status report regarding the effect of this order on Christensen's remaining counterclaims and crossclaims.

## VII. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BONY's motion for partial summary judgment (ECF No. 118) is denied.

It is further ordered that SFR's motion for summary judgment (ECF No. 117) is granted.

///

---

judgment on her claims).) Thus, it appears that SFR only moves for summary judgment on Christensen's counterclaim for slander of title/quiet title.

It is further ordered that SFR's motion for Rule 56(d) relief (ECF No. 125) is denied as moot.

It is further ordered that the parties file a joint status report regarding the effect of this order on Christensen's counterclaims and crossclaims within 15 days of the date of this order.

DATED THIS 27th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE