UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK as Trustee for the CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J12 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-J12,<br><br>      Plaintiffs,<br><br> v.<br><br>IMAGINATION NORTH LANDSCAPE MAINTENANCE ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and ALESSI & KOENIG, LLC,<br><br>      Defendants. | Case No. 2:16-cv-00383-MMD-NJK<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>    Counter/Cross Claimant,<br> v.<br><br>BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK as Trustee for the CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J12 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-J12; BANK OF AMERICA, N.A.; and JULIE A. CHRISTENSEN, an individual,<br><br>   Counter/Cross Defendants. | |

| | |
|---|---|
| 1 | JULIE CHRISTENSEN, |
| 2 | Counter/Cross Claimant, |
| 3 | v. |
| 4 | BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK as Trustee for CERTFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J12 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-J12; ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; IMAGINATION NORTH LANDSCAPE MAINTENANCE ASSOCIATION, a Domestic Non-Profit Cooperation Corporation; SFR INVESTMENT POOLS 1, LLC, a Nevada Limited Liability Company; BANK OF AMERICA, N.A.; DOES 1-10; and ROES 1- 10, |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Counter/Cross Defendants. |

## I. SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are the following motions: (1) Plaintiff Bank of New York Mellon's ("BONY") motion for reconsideration (ECF No. 141); (2) BONY's motion for summary judgment (ECF No. 144); (3) Defendant Imagination North Landscape Maintenance Association's ("HOA") motion for summary judgment (ECF Nos. 149, 154 (errata)); and (4) Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 152). The Court has reviewed the responses (ECF Nos. 142, 158, 159, 160) and replies (ECF Nos. 157, 161, 162) thereto. For the following reasons, the Court denies BONY's motion for reconsideration and grants the three motions for summary judgment.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Julie Christensen ("Borrower") purchased real property ("Property") located within the HOA at 3136 Extravagant Avenue, North Las Vegas, Nevada 89031 on July 18, 2005.

(ECF No. 144-1 at 2-4, 16.) The Borrower financed the purchase with a $223,992 loan ("Loan") evidenced by a note ("Note") and secured by a first deed of trust ("DOT") on the Property. (*Id.* at 2.) The DOT was assigned to BONY in May 2011. (ECF No. 144-2 at 2.)

The HOA recorded the following notices through its agent Alessi & Koenig, LLC ("Alessi"): (1) notice of delinquent assessment on June 3, 2011 (ECF No. 144-4 at 2); (2) notice of default and election to sell on August 29, 2011 (ECF No. 144-5 at 2); and (3) notice of trustee's sale on March 20, 2012 (ECF No. 144-6 at 2).

The HOA foreclosed on the Property and sold it to SFR in July 2012 ("HOA Sale") for $3,300. (ECF No. 144-12 at 2.)

The Court previously resolved BONY and SFR's claims and counterclaims. (*See* ECF No. 136 at 9-10.) But most of the Borrower's counterclaims and crossclaims remain pending before the Court: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Alessi and the HOA; (2) wrongful foreclosure against Alessi and the HOA; (3) violation of Nevada Unfair Trade Practices Act ("NUPTA"), NRS § 598A.060(1)(a)(12), against Alessi, the HOA, and SFR; (4) false representation against Alessi, the HOA, and BONY; (5) breach of contract against the HOA; (6) crimes against property under NRS Chapter 205 against all Defendants; (7) negligence against Alessi, the HOA, Bank of America, N.A. ("BANA"), and BONY; (8) breach of contract/fiduciary duty against BANA and BONY; (9) slander of title/quiet title against Alessi, BONY, the HOA;[1] and (10) intentional infliction of emotional distress ("IIED") against Alessi and the HOA. (ECF No. 34 at 14-28.)

## III. BONY'S MOTION FOR RECONSIDERATION (ECF NO. 141)

### A. Legal Standard

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp.

---

[1] The Court previously granted summary judgment in favor of SFR on this claim. (ECF No. 136 at 9-10.)

2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

**B. Discussion**

BONY first argues that it is entitled to reconsideration because the Nevada Supreme Court recently affirmed a lower court's decision that a limited purpose association's foreclosure sale did not extinguish the deed of trust connected to the property. (ECF No. 141 at 4-6 (citing *Saticoy Bay LLC Series 4500 Pac. Sun v. Lakeview Loan Servicing, LLC* ("*Pacific Sun*"), 441 P.3d 81 (Nev. 2019)).) But *Pacific Sun* has nothing to do with waiver. This Court found that BONY waived its arguments based on the HOA's status as a limited purpose association. (ECF No. 136 at 5-8.) Accordingly, the Court rejects BONY's first argument.

BONY next argues that it is entitled to reconsideration because SFR failed to meet its burden of establishing that the HOA foreclosed a superpriority lien. (ECF No. 141 at 2.) But BONY relies exclusively on the HOA's status as a limited purpose association. (*See id.* at 6-11.) BONY waived this argument. (ECF No. 136 at 5-8.) Accordingly, the Court rejects BONY's second argument and denies BONY's motion for reconsideration.

**IV. BONY'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 144)**

The Borrower asserts the following counterclaims against BONY: (1) false representation; (2) crimes against property under NRS Chapter 205; (3) negligence; (4) breach of contract/fiduciary duty; and (5) slander of title/quiet title.[2] (ECF No. 34 at 18, 21-22, 24, 26.) BONY argues that it is entitled to summary judgment because these

---

[2] BONY argues that the Borrower does not claim a violation of NRS Chapter 205 against BONY based on the lack of supporting allegations in the counterclaim. (ECF No. 144 at 9.) To the extent that the Borrower intended to assert this claim against BONY, it is dismissed as time-barred. *See infra* Section VI(F).

4

1 counterclaims are premised on a duty that BONY did not have—a duty to cure the
2 Borrower's HOA payment default. (ECF No. 144 at 5-9.) The Borrower has not cited any
3 authority or adduced any evidence to show that BONY owed her a duty to cure her HOA
4 payment default. (*See* ECF No. 160 at 5-6.) Accordingly, the Court grants summary
5 judgment in favor of BONY on the Borrower's counterclaims, except for the claim under
6 NRS Chapter 205, which is dismissed as time-barred. *See infra* Section VI(F).

### V. CLAIMS AGAINST BANA

The Borrower asserts the following claims against BANA: (1) crimes against property under NRS Chapter 205; (2) negligence; and (3) breach of contract. (*See* ECF No. 34 at 14-28.) The Court dismisses the first claim against BANA as time-barred. *See infra* Section VI(F). The Court grants summary judgment in favor of BANA on the second two claims for the same reasons the Court granted summary judgment in favor of BONY on these claims.

### VI. THE HOA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 149)

The Borrower asserts the following claims against the HOA: (1) violation of the FDCPA; (2) wrongful foreclosure; (3) violation of the NUPTA; (4) false representation; (5) breach of contract; (6) crimes against property under NRS Chapter 205; (7) negligence; (8) slander of title/quiet title; and (9) IIED. (ECF No. 34 at 14-28.)

#### A. FDCPA

The HOA argues that the FDCPA claim is time-barred. (ECF No. 149 at 6-7.) The Borrower does not address this argument. (*See* ECF No. 160 at 7-9.) The relevant statute of limitations provides for FDCPA actions to be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939 (9th Cir. 2009). Accordingly, the Court dismisses the Borrower's FDCPA claim as time-barred.

#### B. Wrongful Foreclosure

The HOA argues that it is entitled to summary judgment on the Borrower's wrongful foreclosure claim because the HOA was permitted to enforce a lien by foreclosure. (ECF

No. 149 at 8.) The Borrower argues that the liens were illegal because they exceeded nine months of assessments and because she tendered payments greater than the superpriority amount. (ECF No. 160 at 7.) The Borrower's first argument is inconsistent with the plain language of NRS § 116.3116(1) at the time, which allowed for HOAs to enforce liens consisting of any delinquent assessments owed plus fees, costs, fines, and interest. While it is true that the superpriority portion of the lien could only consist of nine months of assessments and nuisance and maintenance abatement fees, the HOA was entitled to foreclose on more than just the superpriority amount. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018). The superpriority amount is only relevant to the extent that a tender of the superpriority amount might have preserved BONY's first deed of trust. Even if the Borrower tendered the superpriority amount, the HOA still could have foreclosed on the remainder of the lien. Thus, the Borrower's second argument also is unpersuasive. The Borrower has argued and shown only that she paid some money toward the superpriority amount. (*See, e.g.*, ECF No. 34 at 14; ECF No. 34-1 at 67-72.) The Borrower has not argued or adduced evidence that she paid the lien in full. Accordingly, the Court grants summary judgment in favor of the HOA on the Borrower's wrongful foreclosure claim.

**C.     NUPTA**

The HOA argues that it is entitled to summary judgment on the Borrower's claim for violation of the NUPTA because "the record shows that the foreclosure sale was publicly noticed and held, and the sale price was equivalent to the amount owed under [the HOA's] lien . . . . As such, the sale operated as intended, and the highest bidder obtained a deed without warranty." (ECF No. 149 at 8-9.) The Borrower argues that the HOA engaged in bid rigging because the sale price was low (only $98 more than the opening bid amount of $3,202.72), and because the HOA foreclosed on a subpriority lien rather than a superpriority lien. (ECF No. 160 at 8-9.) A rational trier of fact could not infer that bid rigging occurred based solely on these allegations. The Borrower's conjecture and speculation that bid rigging caused the low sale price is insufficient to raise a genuine

1 issue of material fact. And whether the HOA foreclosed on a subpriority lien or superpriority lien is irrelevant to the issue of bid rigging. Accordingly, the Court grants summary judgment in favor of the HOA on the Borrower's wrongful foreclosure claim.

### D. False Representation

The HOA argues that the Borrower's claim for false representation is time-barred under the three-year statute of limitations for fraud. (ECF No. 149 at 9 (citing NRS § 11.190(3)(d)).) The Borrower does not address this argument. (*See* ECF No. 160 at 8-9.) Accordingly, the Court dismisses the Borrower's false representation claim as time-barred.

### E. Breach of Contract

The Borrower claims that the HOA breached the CC&Rs by allowing Alessi to proceed with foreclosure without the board first voting on such action. (ECF No. 34 at paragraph 18.) The HOA argues that it is entitled to summary judgment because the CC&Rs did not obligate the HOA's board to vote before the foreclosure. (ECF No. 149 at 10.) The Borrower does not address this argument to dispute the evidence that the HOA offered. Accordingly, the Court grants summary judgment in favor of the HOA on its breach of contract claim.

### F. NRS Chapter 205 – Crimes Against Property

The HOA argues that the Borrower's claim for violation of NRS Chapter 205 is time-barred under the three-year statute of limitations for liability created by statute. (ECF No. 149 at 10-11 (citing NRS § 11.190(3)(a)).) The Borrower does not address this argument. (*See* ECF No. 160 at 8-9.) Accordingly, the Court dismisses the Borrower's claim for violation of NRS Chapter 205 as time-barred.[3]

### G. Negligence and/or Negligence Per Se

The HOA argues that the Borrower's negligence claims are time-barred because claims for negligence expire after two years. (ECF No. 149 at 11 (citing NRS §

---

[3]The Court dismisses this claim as time-barred to the extent it is asserted against other Defendants.

7

11.190(4)(e)).) The Borrower does not address this argument. (ECF No. 160 at 8-9.) Accordingly, the Court dismisses the Borrower's negligence claims as time-barred.

### H. Slander of Title/Quiet Title

This Court applies a five-year statute of limitations to quiet title claims. *See Bank of Am., N.A. v. Woodcrest Homeowners Ass'n*, No. 2:15-cv-01193-MMD-GWF, 2019 WL 1114872, at *3 (D. Nev. Mar. 11, 2019) (citing NRS § 11.070). Accordingly, the Borrower's claim is not time-barred as the HOA argues. (*See* ECF No. 149 at 12.)

Nevertheless, the HOA argues that it is entitled to summary judgment because "nothing in the record indicates that the pre-foreclosure notices contained any false or disparaging statements, or that [the HOA or Alessi] acted with malice in their recording against the Property." (*Id.*) The Borrower does not address this argument or offer any evidence to create a genuine issue of material fact. (ECF No. 160 at 9.) Accordingly, the Court grants summary judgment in favor of the HOA on the Borrower's claim for slander of title/quiet title.

### I. IIED

The HOA argues that it is entitled to summary judgment on the Borrower's IIED claim because it "is premised on the same allegations concerning the payment plan and inappropriate lien amounts that are unsubstantiated by the record and the law." (ECF No. 149 at 12.) The Borrower does not address this argument. (ECF No. 160 at 8-9.) Accordingly, the Court grants summary judgment in favor of the HOA on the Borrower's IIED claim.

In sum, the Court grants summary judgment in favor of the HOA on the Borrower's claims for wrongful foreclosure, violation of the NUPTA, breach of contract, slander of title/quiet title, and IIED. The Court dismisses the claims for violation of the FDCPA, false representation, crimes against property under NRS Chapter 205, and negligence as time-barred.

///

///

## VII. CLAIMS AGAINST ALESSI

The Borrower asserts the following claims against Alessi: (1) violation of the FDCPA; (2) wrongful foreclosure; (3) violation of the NUPTA; (4) false representation; (5) crimes against property under NRS Chapter 205; (6) negligence; (7) slander of title/quiet title; and (8) IIED. (*See* ECF No. 34 at 14-28.) Alessi filed a notice of bankruptcy in this case. (ECF No. 72.) The notice indicates that the automatic stay has been lifted. (*Id.* at 1-2.) The reasoning for granting summary judgment in favor of the HOA on the claims for wrongful foreclosure, violation of the NUPTA, slander of title/quiet title, and IIED apply with equal force to the claims against Alessi. Accordingly, the Court grants summary judgment in favor of Alessi on these claims. The reasoning for dismissing the claims against the HOA for violation of the FDCPA, false representation, crimes against property under NRS Chapter 205, and negligence also apply with equal force to the claims against Alessi. Accordingly, the Court dismisses these claims against Alessi as time-barred.

## VIII. SFR'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 152)

The Borrower asserts the following claims against SFR: (1) violation of the NUPTA; (2) crimes against property under NRS Ch. 205; and (3) slander of title/quiet title. (ECF No. 34 at 14-28.) The Court already granted summary judgment in favor of SFR on the Borrower's third counterclaim (ECF No. 136 at 9-10), and the Court dismisses the second claim as time-barred, *see supra* Section VI(F). The Court grants summary judgment in favor of SFR on the Borrower's NUPTA claim for the same reasons described above, *see supra* Section VI(C).

## IX. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BONY's motion for reconsideration (ECF No. 141) is denied.

It is further ordered that BONY's motion for summary judgment (ECF No. 144) is granted. The Court grants summary judgment in favor of BONY on the Borrower's counterclaims. To the extent that the Borrower intended to claim a violation of NRS Chapter 205 against BONY, that claim is dismissed as time-barred.

It is further ordered that summary judgment is granted in favor of BANA on the Borrower's claims for negligence and breach of contract. The Court dismisses the Borrower's claim against BANA for crimes against property under NRS Chapter 205 as time-barred.

It is further ordered that the HOA's motion for summary judgment (ECF No. 149) is granted. The Court grants summary judgment in favor of the HOA on the Borrower's crossclaims for wrongful foreclosure, violation of the NUPTA, breach of contract, slander of title/quiet title, and IIED. The Court dismisses the claims against the HOA for violation of the FDCPA, false representation, crimes against property under NRS Chapter 205, and negligence as time-barred.

It is further ordered that summary judgment is granted in favor of Alessi on the Borrower's claims for wrongful foreclosure, violation of the NUPTA, slander of title/quiet title, and IIED. The Court dismisses the claims against Alessi for violation of the FDCPA, false representation, crimes against property under NRS Chapter 205, and negligence as time-barred.

///
///
///
///
///
///
///
///
///

It is further ordered that SFR's motion for summary judgment (ECF No. 152) is granted. The Court grants summary judgment in favor of SFR on the Borrower's crossclaim for violation of the NUPTA. The Court dismisses the claim for violation of NRS Chapter 205 as time-barred.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED THIS 24th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE